1 | John Burton, State Bar No. 86029
jb@johnburtonlaw.com
2 | Matt Sahak, State Bar No. 310624
ms@johnburtonlaw.com
3 | THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
4 | Pasadena, California  91103
Tel: (626) 449-8300
5 |
Attorneys for Plaintiff Zeeshan H. Khan
6 |

7 |

8 |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ZEESHAN H. KHAN, | Case No.  21-CV-3289 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS** |
| v. | **DEMAND FOR JURY TRIAL** |
| CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF MICHEL MOORE, OFFICER AARON GREEN (No. 36890), and DOES 1-10, | |
| Defendants. | |

## JURISDICTION AND VENUE

1. Plaintiff asserts claims under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiff's state-law claims form part of the same case and controversy, and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2. Plaintiff's claims arise out of a course of conduct involving police officials of the City of Los Angeles, in the County of Los Angeles, State of California, and within this judicial district. Accordingly, venue is appropriate in this Court.

**PARTIES**

3.      Zeeshan H. Khan is an adult qualified to bring suit on his own behalf.

4.      Defendant City of Los Angeles (City) is a political subdivision of the State of California. Defendant Los Angeles Police Department (LAPD) is an independent entity subject to suit. Defendant Michel Moore is the Chief of Police of the LAPD and is sued in his individual and official capacity as the relevant policy maker.

5.      Defendant Officer Aaron Green is employed by the LAPD.

6.      Does 1 through 10 are Defendant LAPD officers who are unnamed because their identities have yet to be ascertained.

7.      The individually named defendant and each Doe defendant acted under color of state law and within the scope of their agency and employment with the City and the LAPD.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.      Plaintiff timely filed the appropriate administrative claims more than 45 days before the filing of the Complaint. This lawsuit is timely.

**FACTS**

**A.      The Summer of 2020 and the Run-Up to the Presidential Election**

9.      The May 25, 2020 death of George Floyd during his arrest by Minneapolis police officers, which occurred during a global pandemic and not long after the killings of Breonna Taylor and Ahmaud Arbery, sparked protests across the nation demanding justice and calling for police accountability and reform. Protests began in the Los Angeles area on May 27, 2020 and continued for weeks. Approximately 1,000 National Guard troops were deployed to the Los Angeles area during the last weekend of May 30-31. Approximately 2,000 National Guard troops were deployed to the Los Angeles area during the first week of June. Multiple claims of LAPD overreaction, brutality and wanton violence followed the demonstrations.

10.      The City established the "SAFE LA Task Force" to handle LAPD personnel complaints arising out of the May-June 2020 protests. The LAPD released

1  the report "SAFE LA Civil Unrest 2020 After Action Report," on April 9, 2021.The

2  report found LAPD officers deployed 11,305 rounds of "less-lethal munitions" during

3  the May-June protests, comprised of 4,377 37mm projectile rounds, 2,621 40mm

4  projectile rounds 4,307 beanbag shotgun rounds.

5       11.    On April 9, 2021, the Board of Police Commissioners received the

6  "SAFE LA Task Force Update Report" from Chief Moore. According to the Report,

7  the Office of the Inspector General received 2,850 personnel complaints related to the

8  protests. The SAFE LA Task Force initiated 210 complaint investigations, of which 73

9  were related to excessive use of force. As of April 9, 2021, 33 of these investigations

10  were reviewed and no allegations for unauthorized force were sustained.

11       12.    Despite police repression, protests of police violence continued

12  throughout the summer of 2020. Community tensions grew as the presidential election

13  neared. Rallies held in support of President Trump led to confrontations between pro-

14  Trump, "MAGA" supporters, and anti-Trump activists and protestors. Plaintiff was

15  shot in the back by a less-lethal round at one of those events.

16  **B.    The August 21, 2020 Sunland-Tujunga Rally and Counter Demonstration**

17       13.    On August 21, 2020, Mr. Khan was attending a lawful anti-Donald Trump

18  counter-demonstration in Sunland-Tujunga, California. Both Trump supporters and

19  anti-Trump activists loudly but non-violently exercised their First-Amendment rights to

20  speak in favor of, and in opposition to the Trump administration for most of the

21  afternoon. LAPD officers from the Foothill Division allowed the two sides to face off

22  for some time on a closed section of Foothill Boulevard.

23       14.    More LAPD officers arrived around 3:00 p.m. Videos show both sides at

24  the demonstration and counter-demonstration engaging in similar raucous but

25  constitutionally protected behavior. The LAPD officers, however, turned on the anti-

26  Trump demonstrators, and drove them out of the street, brandishing and at points

27  using less-lethal ordnance.

28

15.     Mr. Khan is a large man, a veteran of many protests and demonstrations. He was carrying a megaphone. He is a gentle giant, and was acting like one. He can be seen in photos and on video keeping counter-demonstrators away from pro-Trump demonstrators, de-escalating tension and preventing fights from breaking out.

16.     When LAPD officers began forcing the anti-Trump crowd out of the street, Mr. Khan corralled anti-Trump demonstrators away from the police line and toward the curb, where the police were directing them. Plaintiff's size and denim jacket make his easily noticeable in recordings.



17.     While Mr. Khan stood near the curb of Foothill Boulevard, facing the counter-demonstrators, gesturing at them to continue moving away from the police, and with his back turned to the police line, Defendant LAPD Officer Green raised his shotgun, took aim, and fired a less-lethal projectile directly at Mr. Khan's back.



18.     The video evidence is unmistakable. Mr. Khan immediately collapsed, and had to be helped out of the area because he could not walk on his own.



A video of the incident is available at:

https://www.youtube.com/watch?v=FWP1-GYtRCI&feature=youtu.be

The shot is around the 2:00 mark on the video.

19.     Mr. Khan was taken to the emergency room at USC Verdugo Hills Hospital where he was treated for his pain. The next day he was taken to the Kaiser Permanente Hospital in Woodland Hills where he was diagnosed with two broken vertebra and a sprained ankle.

### DAMAGES

20.     As a direct and proximate result of the aforesaid acts and omissions, and the customs, practices, policies and decisions of the Defendants alleged in this complaint, Plaintiff suffered and will continue to suffer great emotional, mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and apprehension, which have caused, and will continue to cause, Plaintiff to sustain general damages in a sum to be determined at trial.

21.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff incurred medical expenses, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

22.     As a further direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, Plaintiff suffered loss of income which has caused him economic damages in a sum to be determined at trial.

23.     The individually named and Doe defendants, excluding defendants City and LAPD, acted outside the scope of their jurisdiction and without authorization of law. The aforementioned acts of those individual and Doe defendants, and each of them, was willful, wanton, malicious and oppressive, with reckless disregard for and deliberate indifference to Plaintiff and his constitutional rights, and did in fact violate the aforementioned rights, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at trial.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

(First and Fourth Amendments – Individual Liability)

24.     The individual and Doe defendants, while acting under color of law, deprived Plaintiff of his civil rights secured by the Constitution and laws of the United States, including his rights under the First Amendment to be free from retaliation for engaging in protected speech and activity. Plaintiff engaged in constitutionally protected acts of observing and participating in an event of public interest and expressing his political views.

25.     The individual and doe defendants, while acting under color of law, deprived Plaintiff of his civil rights secured by the Constitution and laws of the United States, including his rights under the Fourth Amendment to be free from unreasonable and excessive force when he was shot in the back with a less-lethal munition at close

1    range and without justification.

2       26.    The above acts and omissions, while carried out under color of law, have

3    no justification or excuse in law, and instead constitute a gross abuse of governmental

4    authority and power that shock the conscience. They are fundamentally unfair, arbitrary

5    and oppressive, and unrelated to any activity in which governmental officers may

6    appropriately and legally undertake in the course of protecting persons or property, or

7    ensuring civil order.  The above acts and omissions were consciously chosen from

8    among various alternatives.

9       27.    As a direct and proximate result of the aforesaid acts, omissions, customs,

10   practices, policies and decisions of the aforementioned defendants, Plaintiff was injured

11   in his health and person, and will continue to suffer great mental and physical pain,

12   suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

13   embarrassment, and apprehension as alleged above.

14      28.    The above mentioned individually named and Doe defendants, acted

15   under color of law, and both separately and in concert. The aforementioned acts of

16   those defendants, and each of them, were willful, wanton, malicious and oppressive,

17   with reckless disregard or with deliberate indifference and with the intent to deprive

18   Plaintiff of his constitutional rights and privileges, and did in fact violate the

19   aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive

20   damages in an amount to be proven at the trial of this matter.

21                    **SECOND CLAIM FOR RELIEF**

22         **DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

23              (Failure to Intervene Against All Doe Defendants)

24      29.    The Doe defendants, while acting under color of law, deprived Plaintiff of

25   his civil rights secured by the Constitution and laws of the United States, including his

26   rights under the First Amendment to engage in protected speech and activity, and the

27   Fourth Amendment to be free from unreasonable and excessive force by failing to

28   intervene in the unlawful actions of other officers, including Officer Green.

1    30.    Each of the Doe defendants was both personally involved and an

2  integral participant in the violation of Plaintiff's constitutional rights because each

3  defendant officer was aware of the unlawful actions of the other officers, did not object

4  to the violations of Plaintiff's rights, and participated in the violations by performing

5  police functions, including meaningful participation in the needless and unnecessary

6  operation to escalate the force used against Plaintiff and other lawful protestors.

7    31.    As a direct and proximate result of the aforesaid acts, omissions, customs,

8  practices, policies and decisions of the aforementioned defendants, Plaintiff was injured

9  in his health and person, and will continue to suffer great mental and physical pain,

10  suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

11  embarrassment, and apprehension as alleged above.

12    32.    The above mentioned Doe defendants, acted under color of law, and both

13  separately and in concert. The aforementioned acts of those defendants, and each of

14  them, were willful, wanton, malicious and oppressive, with reckless disregard or with

15  deliberate indifference and with the intent to deprive Plaintiff of his constitutional

16  rights and privileges, and did in fact violate the aforementioned rights and privileges,

17  entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the

18  trial of this matter.

19                         **THIRD CLAIM FOR RELIEF**

20  **DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 (Entity Liability)**

21    33.    Plaintiff is informed and believes and thereon alleges that, at all times

22  herein mentioned, defendants City, LAPD, and the relevant policy maker, Chief Michel

23  Moore, acted with deliberate indifference, and in conscious and reckless disregard to the

24  safety, security and constitutional and statutory rights of Plaintiff, and others similarly

25  situated, including the right to be free from unreasonable and excessive force, and the

26  right to be free from retaliation for engaging in protected speech and activity under the

27  First and Fourth Amendment.

28

1    34.    Defendants City, LAPD, and the relevant policy maker, Chief Michel

2  Moore maintained, enforced, tolerated, ratified, permitted, acquiesced in, and applied,

3  among others, the following policies, practices and customs, among other things:

4        (a)    Using excessive force, including unjustified less than lethal force in crowd

5            control situations including engaging with peacefully protesting individuals;

6        (b)    Failing to train officers to handle usual and recurring situations with which

7            they must deal, including the use of "less lethal" force in crowd control

8            situations, including during encounters with individuals who are peacefully

9            protesting or engaging in First Amendment protected activity; and

10        (c)    Other policies, practices and customs as may be established through

11  discovery to have been the moving force or proximate cause of Plaintiff's constitutional

12  deprivations, including but not limited to, express authorization, ratification, failure to

13  train and failure to supervise and discipline misconduct such as shooting Plaintiff.

14    35.    As a direct and proximate result of the aforesaid acts, omissions, customs,

15  practices, policies and decisions of the aforementioned defendants, Plaintiff was injured

16  in his health and person, and will continue to suffer great mental and physical pain,

17  suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

18  embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to

19  sustain compensatory damages as alleged above.

20              **FOURTH CLAIM FOR RELIEF**

21              **DEPRIVATION OF CIVIL RIGHTS –**

22            **CALIFORNIA CIVIL CODE §§ 52 AND 52.1**

23    36.    All defendants are subject to liability under California Civil Code §§ 52 and

24  52.1 because the individual and doe defendants subjected Plaintiff to violence and

25  threats of violence and interfered with Plaintiff's constitutional and statutory rights by

26  way of threats, intimidation or coercion. Defendants violated Plaintiff's right to engage

27  in free speech as guaranteed by Article I, section 2 of the California Constitution, to be

28  free from excessive force as guaranteed by Article I, § 13 of the California Constitution,

1 and bodily integrity as guaranteed by California Civil Code § 43.

2     37.    As a direct and proximate result of the aforesaid acts, omissions, customs,

3 practices, policies and decisions of the aforementioned defendants, Plaintiff was injured

4 in his health and person, and will continue to suffer great mental and physical pain,

5 suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

6 embarrassment, and apprehension, as alleged above.

7     38.    The above mentioned individually named and Doe defendants, acted

8 under color of law, and both separately and in concert. The aforementioned acts of

9 those defendants, and each of them, were willful, wanton, malicious and oppressive,

10 with reckless disregard or with deliberate indifference and with the intent to deprive

11 Plaintiff of his constitutional rights and privileges, and did in fact violate the

12 aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive

13 damages in an amount to be proven at trial.

14 <center>**FIFTH CLAIM FOR RELIEF**</center>

15 <center>**ASSAULT**</center>

16 <center>(Plaintiff Against All Defendants)</center>

17     39.    Defendants aimed both lethal and less than lethal weapons at Plaintiff's

18 person with threats to use them upon him. Plaintiff reasonably believed that the officers

19 would use such force against his person.

20     40.    As a direct and proximate result of the aforementioned acts or omissions

21 of Defendants, Plaintiff sustained and incurred damages including pain, suffering,

22 and emotional injury.

23     41.    The City is vicariously liable for the actions of the Officer Defendants.

24     42.    The conduct of Defendants was willful, wanton, malicious, and done with

25 an evil motive and intent and a reckless disregard for the rights of the Plaintiff and

26 therefore warrants the imposition of exemplary and punitive damages against each

27 individual Defendant (but not the entity Defendants) in an amount adequate to punish

28 the wrongdoers and deter future misconduct.

<center>- 10 -</center>

## SIXTH CLAIM FOR RELIEF

## BATTERY BY A POLICE OFFICER

(Plaintiff Against Officer Green and City)

43.     Officer Green intentionally touched Plaintiff by shooting him in the back wit a less-lethal projectile without justification, resulting in grievous bodily injury to Plaintiff's person.

44.     Plaintiff did not consent to Officer Green's use of force.

45.     As a direct and proximate result of the aforementioned acts or omissions of Officer Green, Plaintiff sustained and incurred damages including pain, suffering, and emotional injury.

46.     Officer Green's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

47.     The City is vicariously liable for the actions of Officer Green.

48.     The conduct of Officer Green was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights of the Plaintiff and therefore warrants the imposition of exemplary and punitive damages against Officer Green (but not the entity Defendants) in an amount adequate to punish the wrongdoers and deter future misconduct.

## PRAYER

WHEREFORE, Plaintiff requests relief as follows, and according to proof, against each defendant:

1.     General and compensatory damages in an amount according to proof;

2.     Special damages in an amount according to proof;

3.     Exemplary and punitive damages against each individual and Doe defendant, but not against the City or the LAPD, in an amount according to proof;

4.     Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988 and provisions of California law; and

1     5.     Such other relief as may be warranted or as is just and proper.

2

3   Dated:    April 16, 2021              THE LAW OFFICES OF JOHN BURTON

4

5                                                   /S/ John Burton
                                         By:   ─────────────────────────
6                                                  John Burton
                                                 Attorneys for Plaintiff
7
                               **DEMAND FOR JURY TRIAL**
8
        Plaintiff demands a trial by jury.
9

10
    Dated:    April 16, 2021              THE LAW OFFICES OF JOHN BURTON
11
                                                   /S/ John Burton
12                                       By:   ─────────────────────────
                                                   John Burton
13                                               Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28